EMMA M. STOCK and Others, Plaintiffs, *v.* WILLIAM DUNHAM MANN and Others, Defendants.

Supreme Court, Albany County, July 6, 1928.

**Partition — sale — application by purchaser to be relieved — objections to validity of sale not sustained.**

The purchaser, on a partition sale, seeks to be relieved of his purchase on the ground of the invalidity of the proceedings in the action. The property in question was conveyed in 1883 to the daughter of the grantor for life with reversion to her heirs at law. This action in partition was instituted to determine who were the heirs at law, many of whom resided out of the State. The objection that no final judgment directing the referee to execute a deed to the purchaser has been entered, pursuant to section 1058 of the Civil Practice

Act, is not sustained, since it appears that the order confirming the sale directed the referee to deliver the proper deeds and to pay from the purchase money any liens which are liens on the premises previous to the delivery of the deed and directed that the balance be deposited by the referee in a bank, pending the entry of final judgment.

The objection that no reference was had, pursuant to section 1038 of the Civil Practice Act, to inquire as to creditors, and no notice to appear was published, is not sustained. The motion papers are silent as to whether or not a clerk's search was produced at the time of the interlocutory judgment. If it was, it may be filed *nunc pro tunc.* Furthermore, the affidavits show that every judgment creditor having a lien on an undivided share has executed and acknowledged an instrument consenting that the lien of his judgment should attach to the share or interest of the respective judgment debtors in the same manner as though a reference had been had. This relieves the purchaser's property of the liens. If a clerk's search was not produced, it is directed that one should be made and filed and that the interlocutory judgment be amended *nunc pro tunc* dispensing with the reference. It is further directed that said instruments filed by judgment creditors be recorded in the clerk's office.

The objection that no final judgment binding and conclusive on the defendants who were not served, could be made, is not sustained, since it appears that all of the defendants not served have appeared by attorneys in the action, who are authorized so to appear by instruments duly executed and acknowledged. Such instruments are directed to be recorded in the clerk's office by the referee making the sale.

The objection that no written authority to the attorneys, who appeared for non-resident plaintiffs and defendants, was before the court and filed as required by rule 55 of the Rules of Civil Practice, is not sustained, since it is directed herein that such written authority be recorded in the clerk's office. It is also directed that the wives of the tenants in common, who are parties, execute and file proper consents that the share or interest of their respective husbands, to which their inchoate right of dower attaches, may be paid to their respective husbands, or if any shall fail to comply with that direction, then it is directed that the share or interest of the husband be paid into court to await the further action of the court. Said consents must be recorded in the county clerk's office.

The objection that persons who were and are necessary parties, under section 1017 of the Civil Practice Act, were not made parties, is not sustained, for the affidavits filed by the purchaser fail to designate any such parties.

The objection that judgment creditors of the parties having a lien on undivided shares have not been made parties is not sustained, since all judgment creditors have consented to the transfer of their liens to the proceeds of the sale.

The objection that the interlocutory judgment did not direct, as required by section 1040 of the Civil Practice Act, that the shares and interests subject to existing liens, and the moneys arising from the sale thereof, be paid into court, is not sustained, since the order confirming the sale provides for the payment of money into court.

The objection that the premises were not sold free from the liens of debts of decedents, from whom certain of the parties derived their title, and that eighteen months have not elapsed from the granting of letters, is not sustained as to the debts of the life tenant, for the parties hereto do not derive their title from her, and at the time of the order confirming the sale more than eighteen months had elapsed since letters were granted concerning any person affected. The referee is directed, however, to procure from the Surrogates' Courts having

jurisdiction over the estate of any person affected and who died within the prescribed period after the death of the life tenant, certificates showing no proceedings have been had for the sale or mortgage of said party's interest within eighteen months from the time of issuance of letters, and the referee is directed to file said certificates with the judgment roll and record the same in the county clerk's office.

The objection that no guardian *ad litem* was appointed for infant parties has no force, for the affidavits filed show that there are no infant parties.

The objection that no provision has been made by final judgment for the investment or payment into court of a portion of the proceeds belonging to owners unknown or absent from the State is not sustained, for there are no unknown heirs, and the final judgment will provide for the proper disposition of the proceeds of the sale belonging to owners absent from the State.

While the purchaser did not raise an objection as to the payment of the transfer tax, it is directed that each share which is or may be liable to the payment of a transfer tax shall be paid into court to await the further order of the court.

Since no objection raised by the purchaser has been sustained, the purchaser is directed to complete the purchase.

APPLICATION by purchaser on partition sale to be relieved of his purchase.

*George H. Whitbeck,* for the plaintiff.

*John J. McManus,* for the purchaser.

NICHOLS, J. On February 15, 1928, the purchaser herein bid off the premises situate in the city of Albany for the sum of $68,100 and thereupon paid to the referee ten per cent of the amount of his bid, $6,810, in cash and complied with the terms of sale. There are claimed defects in the judgment under which the sale was had and the petitioner asks to be relieved from his bid and for the return of his deposit together with reasonable charges and expenses of his attorneys in the examination of the title, which he claims amounts to $750.

April 16, 1883, one Stephen A. Kimball conveyed to his daughter, Sarah A. Kimball, the property in question which is situate on the northeast corner of Green and Beaver streets in the city of Albany; that deed was duly recorded in the Albany county clerk's office on April 20, 1883, in book 373 at page 381. Said deed contained the following clause: " And this deed or conveyance is only intended to convey to the said Sarah A. Kimball said premises during her natural life and after her death to revert to her heirs-at-law." Sarah A. Kimball died in 1923 and the question arose as to whether the people named as heirs at law of Sarah A. Kimball included her relatives on her mother's side; finally this action was brought by all or substantially all of Sarah A. Kimball's heirs at law on her mother's side as plaintiffs, the plaintiffs uniting as parties plaintiff, the wives of such of them as were married, and making the heirs at law on her father's side parties defendant.

Such proceedings were finally had as resulted in an interlocutory judgment of partition and sale. It is from said sale that the petitioner asks to be relieved. The purchaser has assigned many reasons why he should be relieved and I will take them up in order.

1. That no final judgment directing the referee to execute a deed to the purchaser has been made or entered in the action pursuant to section 1058 of the Civil Practice Act. On April 14, 1928, the plaintiff procured from Hon. PIERCE H. RUSSELL, a justice of this court, an order confirming the sale and directing the referee to deliver to the purchaser proper deeds of conveyance and directing the referee to pay from the purchase money any liens which are liens on said premises previous to the delivery of his deed and directing that the balance be deposited by the referee in a bank in the city of Albany pending the entry of final judgment herein. This seems to me to be all that the purchaser can require pending the final judgment and entry thereof herein which of course cannot be made until the proceeds of the sale are in hand for distribution.

2. That no reference was had pursuant to section 1038 of the Civil Practice Act to inquire as to creditors and no notice to appear was published, there being judgment liens against certain of the parties, and that the court cannot dispense with such reference. The motion papers on both sides are silent as to whether or not a clerk's search was produced at the time of the interlocutory judgment; if it was, it can be produced now and filed *nunc pro tunc*. The affidavits show that each and every judgment creditor having a lien against the undivided share or interest of any party, executed and acknowledged an instrument consenting that the lien of his judgment should attach to the share or interest of the respective judgment debtors instead of their interest in said property itself, in the same manner as though a reference had been had pursuant to section 1038 of the Civil Practice Act. This of course relieves the purchaser's property of the liens of any such judgment. However, if no clerk's search, such as required by section 1038 of the Civil Practice Act, was produced at the time of the granting of the interlocutory judgment, I direct that such a search be now filed with the affidavits produced on this motion, and direct that the interlocutory judgment herein be amended *nunc pro tunc* dispensing with a reference to ascertain heirs under section 1038. I further direct that the referee cause each of said instruments filed by judgment creditors having liens to be recorded in the Albany county clerk's office and that the expense of such recording be added to the expenses of sale.

3. That no final judgment binding and conclusive on the defendants, more than thirty in number, who were not served in any way with the summons in the action, but who appeared by their attorneys

as stated by the papers and proceedings in the action, all of the defendants who resided outside the State of New York having authorized attorneys to appear for them by an instrument in writing, duly acknowledged. I direct that each of said instruments be duly recorded in the Albany county clerk's office by the referee, that is, the instruments authorizing A. Page Smith to appear in said action in behalf of the respective parties represented by him, and the instruments authorizing Conklin & Montross, counselors, of 149 Broadway, New York city, shall be recorded in said Albany county clerk's office by the referee making the sale, and that the expenses of such recording be paid by said referee as an expense of the sale together with any expenses of procuring necessary certificates to the acknowledgments thereon.

4. That no written authority to the attorneys who appeared for the non-resident plaintiffs and defendants was before the court and filed with the clerk of Albany county as required by law and rule 55 of the Rules of Civil Practice. As to this objection of the purchaser, the requirements I have made and directions to the referee in relation to objection No. 3 makes provision for the proper filing of said written authority of the attorneys for such non-resident parties, except that I require the wives of tenants in common who are parties to either execute and file proper consents that the share or interest of their respective husbands are entitled and to which their inchoate right of dower attaches, may be paid to their respective husbands, or, in the event that any of them shall fail to execute said consents, then that the share or interest of the husband be paid into court to abide the further order of the court. And I direct that the referee making the sale shall record said consents in the Albany county clerk's office and that the expenses of recording the same shall be paid as an expense of the sale.

5. As to the objection that persons other than joint tenants or tenants were made parties plaintiff in this action, instead of parties defendant and that said parties were not served with the summons in any manner, this objection is met by the requirements in the preceding paragraph.

6. That persons who were and are necessary parties to said action under section 1017 of the Civil Practice Act were not made parties. No such persons who are interested have been pointed out in the affidavits filed by the purchaser.

7. That creditors have a lien on undivided shares or interests described in the complaint were not made parties to said action. These are the judgment creditors whose liens have been transferred from the property to the proceeds of such sale as hereinbefore provided.

8. That the interlocutory judgment entered in the action did not direct, as required by section 1040 of the Civil Practice Act, that the shares and interests subject to existing liens and the moneys arising from the sale thereof be paid into court. As to this objection, Justice RUSSELL's hereinbefore mentioned order provides for the payment of these liens.

9. That said premises were not sold free from the lien of debts of decedents from whom certain of the parties derived their title and eighteen months had not elapsed from the granting of letters of administration or testamentary at the time said action was commenced as to said parties, and said premises are subject to the lien of the debts of said decedents. As to this objection, the parties do not derive their title from Sarah A. Kimball, but as grantees under the deed of Sarah A. Kimball's father; at the time of Justice RUSSELL's order confirming the sale, more than eighteen months had elapsed after any letters were granted concerning any person affected; this relieves the property in question from any application to sell for the payment of debts; however, I direct the referee to procure from the Surrogates' Courts having jurisdiction over the estate of any party affected and who died within the prescribed period after Sarah A. Kimball's death, certificates showing that no proceedings have been had for the sale or mortgage, etc., of said party's interest within eighteen months from the time of issuance of letters as prescribed by section 233 of Surrogate's Court Act and to file said certificates with the judgment roll and to record the same in the Albany county clerk's office and that the expense of procuring said certificates and recording the same be paid by the referee from the proceeds of the sale as an expense of the sale.

10. That consents or releases of parties having a right of dower or inchoate right of dower in said premises or some part thereof have not been filed with the clerk as required by sections 1051 and 1054 of the Civil Practice Act. This objection has been disposed of by a preceding requirement herein.

11. That judgment creditors not parties to the action and having prior liens upon certain undivided shares or interests in the premises were not given notice to appear before the referee, and are not affected by the judgment in said action. This objection is also hereinbefore disposed of.

12. That no guardian *ad litem* was appointed for the infant parties to said action. As to this objection, the affidavits filed show that there are no infant parties.

13. That no provision has been made by final judgment for the investment or payment into court of the portion of the proceeds of said sale belonging to owners unknown or absent from the State

of New York. As to this objection, there are no unknown heirs and the final judgment herein will provide for the proceeds of said sale belonging to owners absent from the State of New York.

14. That said partition action was not conducted according to law and the practice in such cases made and provided. As to this objection, no claimed defects other than those hereinbefore specified have been called to the attention of the court, and I hereby direct and require the referee herein appointed to make the sale to record each and every instrument hereinbefore required to be filed and recorded in the Albany county clerk's office, to so file and record the same on or before the 6th day of September, 1928. And that upon such filing and recording, the purchaser pay over to the referee the balance of his bid price and comply with the terms of sale.

While no objection has been raised by the purchaser as to whether any deceased party's share is or may be liable to the payment of a transfer tax, I direct that each share which is or may be liable to the payment of a transfer tax be paid into court to await the further order of the court in the premises.

No costs of this motion are awarded to any party.